IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAROLD E. SIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.1- 04-cv-1727 |
| v. | ) | (Judge Emily Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S NOTICE OF DIRECTLY RELATED CASE

Plaintiff Six, through counsel here notifies defendant and the Court that this case, docket 1-04-cv-1727 may be deemed to be directly related to the case Lockwood v. United States, now pending in this court before Judge Horn in docket 1:06-CV-00543. Mr. Lockwood is also represented by the undersigned counsel for Mr. Six. We file this Notice simultaneously in both dockets.

The complaint in both cases have their origins in the same incident, the murderous attack by Military forces of the government of Israel on their ship, the U.S.S. Liberty, AGTR5 ON June 8, 1967, while th Liberty was steaming in international waters off the coast of the Gaza Strip. Both plaintiffs assert they have been denied timely access to essential medical care for their emerging symptoms of Post Traumatic Stress Disorder because of an unlawful silencing order issued by U.S. Navy authorities. Both plaintiff's assert that the defendant knowingly and intentionally issued a false report of the attack by the Israeli forces to conceal the true facts of the murderous attack from the American public and attendant adverse U.S. public reaction against the government of Israel and the U.S. Government policy of support for Israel. Both plaintiff's assert that the silencing order precluded plaintiff's under penalty of courts martial from discussing the circumstances of the attack with anyone, "not even your mother," except as said attack was

described in the DOD press release accompanying the release of the Report of the Court of Inquiry. Both plaintiff's assert that the silencing order and the false report had the dual effect of labeling the Liberty survivors liars when efforts were made to report the true facts of the attack; that they could not disclose the symptoms of PTSD they were experiencing without discussing the true facts of the attack, and , the fact that the Report of the Court of Inquiry was knowingly false and inaccurate in its published findings and conclusions; and, their profound anger at the fact they were abandoned by the U.S. Government to protect interest of a foreign government. Both complaints assert the Navy failed in its duty to provide these men the quality of post attack screening and medical care that would have identified their respective PTSD conditions and provided quality care and support for them and their families so as to control and treat their illnesses.

We respectfully urge the Court to consider establishing special procedures in these cases so that the common issues of both complaints will be jointly addressed, while the separate legal and factual issues raised by their complaints are also resolved as appropriate.

Respectfully submitted,

William J. Kenney, Esq.
Attorney for Plaintiffs
Harold E. Six, Sr. (Docket 1:04-cv-1727)
and,
Bryce F. Lockwood (Docket 1:06-cv-543)

%HART 600 Penn. Ave., S.E., #105
Washington, D.C. 20003
TEL: 202-547-5129
FAX: 202-547-8311

9915 Empire Woods Court
Charlotte, NC 28277-2279

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 1st day of May, 2007, I caused this Notice of Directly Related Cases to be served on defendant's counsel in both docket 1:06-cv-543, and in docket 1:040cv-1727 via the electronic filing and service system established by the court.

William J. Kenney, Esq.
c/o HART
600 Pennsylvania Avenue, SE
Suite 105
Washington, DC 20003

________________________________________

cc:
LCDR Patrick J. Gibbons, JAGC, USN
Office of the Judge Advocate General
General Litigation Division (Code 14)
1322 Patterson Avenue SE, Suite 3000
Washington Navy Yard, DC 20374-5066