PRIORITY DELIVERED TO DUTY OFFICER

ACT/COG: F3

71

NN INCZCFJA394
PTTUZYUW RUWJAJA2122 0122205-UUUU--RUEBJFA.
ZNR UUUUU
P 122235Z JAN 73
FM NAVSTA TI SFRAN CA
TO RUEBJFA/CHNAVPERS WASHDC
BT
UNCLAS //N01620//
ATTN: PERS-F321
STR1 HAROLD EUGENE SIX USN 520 46 1848
A. PERS-F-211-EW OF 18 OCT 72
B. BUPERSMAN 3420180
C. BUPERSMAN 3340240
D. BUPERSMAN 3840260

12 JAN 73 23 54 Z

. REF (A) DIRECT SUBJ PROCESSED FOR IMMATURE PERSONALITY IN ACCORD REF (B) AS RESULT PSYCH EVALUATION ON 4AUG72 FOR ALLEGED ALCOHOL ABUSE.
. 8AUG72 SUBJ SEEN IN REEVALUATION PSYCH CONSULT BY DR. R M COLE, I/MC USNR NEUROPSYCH CLINIC, T.I. DR. COLE STATES ALCOHOL ABUSE CHARGE UNFOUNDED. SUBJ HAS NO DETECTABLE PSYCHIATRIC DIFFICULTIES. ... UNDER SEP COV.
. BASED ON INDIVIDUAL CASE ANALYSIS, IT IS THE OPINION OF THIS COMMAND ALLEGED ALCOHOL ABUSE WAS DIRECT RESULT OF COMBINATION FINANCIAL AND MARITAL PROBLEMS. PROBLEMS APPARENTLY SATISFACTORILY

PAGE 2 RUWJAJA2122 UNCLAS
RESOLVED. NO EVIDENCE OF SUBSEQUENT MISCONDUCT.
. SUBJ MILITARY RECORD REFLECTS EIGHT YEARS EIGHT MONTHS EXCEPTIONALLY MERITORIOUS SERVICE. WHILE ATTACHED THIS COMMAND HAS SERVED IN PROFESSIONAL MANNER CONSISTENTLY DEMONSTRATING HIGH SENSE OF PERSONAL RESPONSIBILITY FOR QUALITY OF HIS WORK.
. PROCESSING IN ACCORDANCE WITH REF (B) IS NOT CONSIDERED WARRANTED OR IN THE BEST INTEREST OF THE MAN OR THE NAVY. SUBJ EAOS 8FEB73. THIS COMD STRONGLY RECOMMENDS ACTION DIRECTED BY REF (A) BE CANCELLED AND SUBJ BE PERMITTED TO BE SEPARATED FROM THE NAVAL SERVICE ON OR BEFORE EAOS. REFS (C) AND (D) REFER.
BT
#122

DEPARTMENT OF THE NAVY
BUREAU OF NAVAL PERSONNEL
WASHINGTON, D C. 20370

IN REPLY REFER TO
Pers-F3211-gw

OCT 18 1972

From: Chief of Naval Personnel

To: Commanding Officer
Naval Station
Treasure Island
San Francisco, California 94130

Subj: CTR1 Harold Eugene SIX, USN, 520 46 1848

Ref: (a) Your spdltr NS01ES/WAW/ymb of 22 Aug 72
(b) BUPERSMAN 3420180

1. Reference (a) reviewed. In view of information contained therein and to enable the Chief of Naval Personnel to fully evaluate all aspects of this case, it is requested that subject member's case be processed in accordance with reference (b) and the completed case forwarded to the Chief of Naval Personnel (Attn: Pers F3211) for determination.

C. E. WILGUS
By direction

FINISH FILE
OCT 18 1972
Pers

SPECIAL

ENLISTED PERFORMANCE EVALUATION BOARD SHEET
NAVPERS 1626/2 (REV. 6-70)

| NAME | SERVICE NO. | SOC. SECURITY NO. | RATE | CLASS |
|---|---|---|---|---|
| SIX HAROLD EUGENE | | 520 46 1848 | CTR1 | USN |

| ADB RECOMMENDATION | CO RECOMMENDATION | MED BD RECOMMENDATION | BUMED RECOMMENDATION |
|---|---|---|---|
| | | | |

☐ UNDESIRABLE ☐ UNSUITABILITY (3420180) ☐ PROBATE____Mo. ☐ REFER BUMED

☐ GENERAL ☐ UNFITNESS (3420220) ☐ RETAIN/WARN ☐ OTHER

☐ TWSR ☐ MISCONDUCT (3420240) ☐ RETAIN

☐ HONORABLE ☐ COG (3850220) ☐ NFA ☐ NRR

CODE

| NP DIAGNOSIS | MIL RECORD | DA/CIVIL/NIS PEND. |
|---|---|---|
| | NONE | |

| DATE OF FREQ INVOLVEMENT COUNSELING | TOTAL SERVICE ACT: / INACT: | EAOS |
|---|---|---|
| | 08YRS 03MOS PLUS | 9FEB73 |

| CASE TO BOARD | F-1 ACTION AND DATE | DATE RETURNED |
|---|---|---|
| OCT 16 1972 | | 1 ? OCT 1972 |

Process Unsuit

| RECOMMENDATION OF EPE BOARD MEMBER | |
|---|---|
| (Signature) | ☑ APPROVED ☐ MODIFIED |
| RANK/GRADE GS-13 PERS NO. F3a | By Direction of Chief of Naval Personnel |

☐ F31 SIGNATURE ☐ F32 SIGNATURE ☑ F3a SIGNATURE ☐ F3 SIGNATURE ☐ OPEN

OPNAV ... SN-0107 ...(7-71)

# Naval Speedletter

USE FOR URGENT LETTERS ONLY

DO NOT CLEAR THROUGH COMMUNICATIONS OFFICE

CHECK TYPE OF MAIL: [ ] REGULAR [ ] REGISTERED [X] AIR [ ] CERTIFIED [ ] SPECIAL DELIVERY

CLASSIFICATION: UNCLAS

DATE: 22 AUG 72

IN REPLY REFER TO: NS01E5/WAW/ymb

**INSTRUCTIONS**

1. Message type phraseology is permissible.
2. Both addresses must be appropriate for window envelope or bulk mailing, as intended. Include attention codes when known. Use dots and brackets as guides for window envelope addresses.
3. Give priority to processing, routing, and action required. Avoid time-consuming controls.
4. In order to speed processing, a readily identifiable, special window envelope, OPNAV 5216/145A, Speedletter Envelope, is provided for unclassified speedletters where bulk mailing is not used. Other window envelopes also may be used. In bulk mail, speedletters should be placed on top of regular correspondence.

To:
Chief of Naval Personnel (Pers-F321)
Navy Department
Washington, D.C. 20370

Fold

STANDARD REFERENCES AND ENCLOSURES, IF ANY; TEXT AND SIGNATURE BLOCK

Subj: CTR1 Harold Eugene SIX, USN, 520 46 1848

Ref: CHNAVPERS MSG 141515Z JUL 72

As requested by reference (a) enclosure (1) is forwarded for your determination.

W. A. Walker, CWO1, USN
Ass't Discipline Officer
By Direction of the Commanding Officer

Encl: (1) CTR1 SIX's psychiatric consultation

Fold

COPY TO

REC'D AUG 29 1972 PERS F321

match

Commanding Officer
Naval Station Treasure Island
San Francisco, California 94130

← ADDRESS
REPLY AS SHOWN AT LEFT; OR, REPLY HEREON AND RETURN

CLASSIFICATION

UNCLASSIFIED E F T O

Z 01 01 RR RR UUUU Z

CHNAVPERS WASHINGTON DC
NAVCOMMSTA PHIL
INFO COMNAVSECGRU PHIL
NAVSTA SAN FRANCISCO CA

UNCLAS E F T O //N01910//

CTR1 HAROLD EUGENE SIX, USN, 520 46 1848

A. YOUR 100230Z JUL 72 (NOTAL)

B. COMNAVSECGRU LTRSER 15895 OF 13 JUL 72

1. REF A AND B ACKNOWLEDGED. TRF CTR1 SIX TO NAVSTA SAN FRAN FOR TEMDU FOR FURTHER DISPO BY CHNAVPERS.

2. FOR NAVSTA SAN FRAN: UPON REPORTING OF MBR REQUEST REFERRAL FOR MEDICAL OPINION AND RECOM REGARDING THE NEED FOR TREATMENT AS A RESULT OF MBRS ALCOHOLIC ABUSE.

PC-6
82166

R.F.FREDERICK F3211 42997 EX JUL 72

C. L. WILGUS
Cdr USN Pers-F3a

UNCLASSIFIED E F T O

DEPARTMENT OF THE NAVY
NAVAL SECURITY GROUP COMMAND HEADQUARTERS
3801 NEBRASKA AVENUE, N.W.
WASHINGTON, D.C. 20390

NSG/G121/wjm
5521
Ser 15895
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
13 JUL 1972

FOR OFFICIAL USE ONLY

From: Commander, Naval Security Group Command
To: Chief of Naval Personnel

Subj: CTR1 Harold Eugene SIX, USN, 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
DPOB: 27 April 1946, Torrington, Wyoming

Ref: (a) CHNAVPERS ltr Pers-F11a-wwc 5500 of 29 May 1962 (NOTAL)

1. Based on evidence of excessive use of intoxicants and financial indebtedness, it has been determined that subject no longer meets the standards for access to special intelligence information and therefore is not eligible for cryptologic duties.

2. Accordingly, it is requested that he be transferred from duty with the Naval Security Group and that his rating be changed to other than Communications Technician. As requested by reference (a), assignment to one of the following ratings is recommended: RM, SM, SK, or DK.

G. G. HENRIKSEN
By direction

Copy to:
CNO (OP942D/NIS 50)
CO NAVCOMMSTA PHILIPPINES

CT STANDLEY
43131

FOR OFFICIAL USE ONLY

141516Z

UNCLASSIFIED E F T O

Z 01 01 RR RR UUUU Z

CHNAVPERS WASHINGTON DC

NAVCOMMSTA PHIL

INFO COMNAVSECGRU PHIL

NAVSTA SAN FRANCISCO CA

UNCLAS E F T O //N01910//

CTR1 HAROLD EUGENE SIX, USN, 520 46 1848

A. YOUR 100230Z JUL 72 (NOTAL)

B. COMNAVSECGRU LTRSER 15895 OF 13 JUL 72

1. REF A AND B ACKNOWLEDGED. TRF CTR1 SIX TO NAVSTA SAN FRAN FOR TEMDU FOR FURTHER DISPO BY CHNAVPERS.

2. FOR NAVSTA SAN FRAN: UPON REPORTING OF MBR REQUEST REFERRAL FOR MEDICAL OPINION AND RECOM REGARDING THE NEED FOR TREATMENT AS A RESULT OF MBRS ALCOHOLIC ABUSE.

6143

22 Aug 72

No Sufficient Evidence

PC-6
82166

R.F.FREDERICK F3211 42997 EW JUL 72

C. L. WILGUS
Cdr USN Pers-F3a

UNCLASSIFIED E F T O

ALCHOL

ENLISTED PERFORMANCE EVALUATION BOARD SHEET
NAVPERS 1626/2 (REV. 6-70)

| NAME | SERVICE NO. | SOC. SECURITY NO. | RATE | CLASS |
|---|---|---|---|---|
| SIX, HAROLD EUGENE | | 520 46 1848 | CTR1 | USN |

| ADB RECOMMENDATION | CO RECOMMENDATION | MED BD RECOMMENDATION | BUMED RECOMMENDATION |
|---|---|---|---|
| | | | |

☐ UNDESIRABLE ☐ UNSUITABILITY (3420180) ☐ PROBATE ______ Mo. ☐ REFER BUMED

☐ GENERAL ☐ UNFITNESS (3420220) ☐ RETAIN/WARN ☐ OTHER

☐ TWSR ☐ MISCONDUCT (3420240) ☐ RETAIN

☐ HONORABLE ☐ COG (3850220) ☐ NFA ☐ NRR

CODE

| NP DIAGNOSIS | MIL RECORD | DA/CIVIL/NIS PEND. |
|---|---|---|
| | NONE | NONE |
| DATE OF FREQ INVOLVEMENT COUNSELING | TOTAL SERVICE ACT: 08YRS 03MOS PLUS INACT: | EAOS 09FEB73 |
| CASE TO BOARD | F-1 ACTION AND DATE | DATE RETURNED |

TKF T.L.
Carda

RECOMMENDATION OF EPE BOARD MEMBER

☑ APPROVED ☐ MODIFIED

(Signature)

By Direction of Chief of Naval Personnel

RANK/GRADE ______ PERS NO. ______

☐ F31 SIGNATURE ☐ F32 SIGNATURE ☑ F3a SIGNATURE ☐ F3 SIGNATURE ☐ OPEN

NSG/G121/ejm
5521
Ser 15895
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
13 JUL 19

FOR OFFICIAL USE ONLY

From: Commander, Naval Security Group Command
To: Chief of Naval Personnel

Subj: CTR1 Harold Eugene SIX, USN, 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
DPOB: 27 April 1946, Torrington, Wyoming

Ref: (a) CHNAVPERS ltr Pers-F11a-mc 5500 of 29 May 1962 (NOTAL)

1. Based on evidence of excessive use of intoxicants and financial indebtedness, it has been determined that subject no longer meets the standards for access to special intelligence information and therefore is not eligible for cryptologic duties.

2. Accordingly, it is requested that he be transferred from duty with the Naval Security Group and that his rating be changed to other than Communications Technician. As requested by reference (a), assignment to one of the following ratings is recommended: RM, SM, SK, or DK.

G. G. HENRIKSEN
By direction

Copy to:
CNO (OP942D/NIS 50)
CO NAVCOMMSTA PHILIPPINES

Blind copy to:
CHNAVPERS (Pers-F31)
CHNAVPERS (Pers-F112)



FOR OFFICIAL USE ONLY

SPECAT

SPA371
PP YEKHARC YEKHDH
DE YMZDAH #3004 1920223
ZNY MMNSI
P 130037Z JUL 72
FM NAVCOMSTAPHIL
TO COMNAVSECGRU
YEKHARC/CHNAVPERS SSO
ZEM
UNCLAS E F T O //SSO SPECAT//
CTR 1 HAROLD EUGENE SIX, USN, #[illegible]-46-1343
A. COMNAVSECGRU 052022Z JUL 1972 (NOTAL)
B. NAVCOMMSTA PHIL 021026Z MAY 1972
C. CO NAVCOMMSTA PHIL LTR SER 3303 OF 15 MAY 1972
D. NAVCOMMSTA PHIL 090330Z JUN 1972 (NOTAL)
E. CO NAVCOMMSTA PHIL LTR SER 305 OF 9 JUN 1972 (NOTAL)

1. REF A. ADVISED THAT CTR 1 SIX IS NO LONGER ELIG FOR NAVSECGRU DUTIES; HE WAS RENDERED INELIG FOR NAVSECGRU ACCESS ON 7 JUL 1972.
2. DOCUMENTED PROBLEMS AND REPUTATION OF PETTY OFFICER SIX AND HIS SPOUSE INCLUDE $2661.32 INDEBTEDNESS, ACTIVE PARTICIPATION IN DISREPUTABLE INCIDENTS AT EM CLUB AT SAN MIGUEL, EXCESSIVE DRINKING, MUTUAL PHYSICAL ABUSE, HARASSMENT OF MARINE SENTRY AND ALLEGED ADULTRY OF SPOUSE. RELATED INFORMATION PROVIDED BY REFS B THROUGH E (AVAIL FROM COMNAVSECGRU).
3. MOST RECENT INCIDENT OCCURRED AT 2330H, 4 JUL 72 WHEN SUBJ, AFTER EXCESSIVE DRINKING, LOCKED SPOUSE AND CHILDREN OUT OF ASSIGNED PUBLIC QUARTERS AND CREATED GENERAL DISTURBANCE IN HIS QUARTERS. IN VIEW OF 7 JUL 1972 DEBRIEFING, ANTICIPATE FURTHER DETERIORATION OF MARITAL RELATIONSHIP AND CONTINUED EXCESSIVE DRINKING BY CTR 1 SIX.
4. HIS DEMONSTRATED ABSENCE OF RELIABILITY NEGATES CONSIDERATION OF INDIVIDUAL'S PREFERENCES FOR RATING CONVERSION. THIS COMMAND RECOMMENDS IMMEDIATE CONVERSION TO ANY RATING NOT REQUIRING ACCESS TO CLASSIFIED INFORMATION. POTENTIAL FOR SUCCESS IS DEPENDENT UPON ASSIGNMENT WHICH DOES NOT INCLUDE PROXIMITY OF SPOUSE. HIS SERVICE REPUTATION IS GOOD AND REFLECTS APPLICATION TO ASSIGNMENT ONLY WHEN PHYSICALLY SEPARATED FROM SPOUSE.

COMNAVSECGRU ROUTING

| G | GD | GC | GF | GK | GM | GX | A G10 | G20 | G30 |
|---|---|---|---|---|---|---|---|---|---|
| G40 | G50 | G60 | G70 | G80 | G90 | | | | |

NAVSECSTA ROUTING

| S00 | S01 | S10 | S20 | S30 | S40 | S50 | S60 | S70 |
|---|---|---|---|---|---|---|---|---|
| S90 | SB | SC | SD | | MEX | GMF | A JPER | NSEF |

100230Z JUL 72
2/AJ

SPECAT

HDWNSS 5216/3F (REV 4-72) EMERGENCY PRINTING

SPECAT

5. PREVIOUS EXPERIENCE WITH CASES SUCH AS THESE INDICATES THAT SUBJECT AND DEPENDENTS CAN EXPECT REMAIN AT THIS COMMAND UPWARDS OF SIX MONTHS WHILE CHNAVPERS EFFECTS CHANGE OF RATING AND FOR EPDOPAC TO MAKE ASSIGNMENT TO APPROPRATE NEW DUSTA (RECOMMEND PACFLT SHIP).

6. CTR1 SIX'S CONTINUED PRESENCE AT NAVCOMMSTAPHIL UNQUESTIONABLY JEOPARDIZES THE ABILITY OF THIS COMMAND TO SUPPORT AND MAINTAIN A PRODUCTIVE, WELL-BALANCED COMMUNITY. MRS SIX'S PROMISCUOUS REPUTATION IS WELL KNOWN AND IS HAVING A DELETERIOUS EFFECT UPON THE MORALE OF MARRIED NEIGHBORS AND BACHELOR ENLISTED ALIKE. HER BEHAVIOR AND HER HUSBAND'S REACTIONS CANNOT BE TOLERATED IN THE SMALL ISOLATED COMMUNITY ENVIRONMENT AT SAN MIGUEL. STRONGLY REQUEST IMMEDIATE TRANSFER TO NAVSTA SDIEGO OR OTHER LIKELY HOMEPORT AREA TO AWAIT CHNAVPERS AND EPDOPAC DETERMINATIONS.

453

#3304

SPECAT

66
661
A 07-14
B C 7/14
D RWE 7/14

MSG

FM: CNP

TO: NAVCOMMSTA PHIL

INFO: COMNAVSECGRU

UNCLAS E F T O//N01306//

CTR1 HAROLD E. SIX, USN, 520 46 1848

1. IN RESPONSE YOUR 100230Z JUL 72 (BOM), RETAIN CTR1 SIX ONBRD PENDING CHANGE OF RATE DETERMINATION. IF CIRCUMSTANCES SO WARRANT, RECOMMEND TRANSFER DEPENDENTS OF CTR1 SIX TO CONUS UTILIZING PROVISIONS OF M7103.7 JTR ~~OF THE JOINT TRAVEL REGULATIONS~~ AS AUTHORITY.

PERS F CHOP

**MEMO ROUTING SLIP**

*NEVER USE FOR APPROVALS, DISAPPROVALS, CONCURRENCES, OR SIMILAR ACTIONS*

| TO | INITIALS / DATE | ACTION |
|---|---|---|
| 1 Pers-F112 | | CIRCULATE / COORDINATION |
| 2 Pers-B2166 | | FILE / INFORMATION |
| 3 Pers-B2231 | | NOTE AND RETURN / PER CONVERSATION |
| 4 | | SEE ME / SIGNATURE |

REMARKS

CTR1 Harold Eugene SIX, USN, 520 46 1848

CURRENT DUTY STATION: NAVCOMMSTA PHIL

EAOS: Feb 73

REQUEST CLEARANCE ELIGIBILITY

Pers-B2231- Request Change of Rate

FROM

Pers-B2166

DATE 14 Jul 72

PHONE 43131

DD FORM 1 OCT 60 95 REPLACES DD FORM 94, 1 FEB 50 AND DD FORM 95, 1 FEB 50 WHICH WILL BE USED UNTIL EXHAUSTED.

0102 000 6500 ☆ U.S. GOVERNMENT PRINTING OFFICE: 1971—483-984/14

NSG/G121/ejm
5521
Ser 15895
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
13 JUL 1972

FOR OFFICIAL USE ONLY

From: Commander, Naval Security Group Command
To: Chief of Naval Personnel

Subj: CTR1 Harold Eugene SIX, USN, 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
DPOB: 27 April 1946, Torrington, Wyoming

Ref: (a) CHNAVPERS ltr Pers-E11a-wwc 5500 of 29 May 1962 (NOTAL)

1. Based on evidence of excessive use of intoxicants and financial indebtedness, it has been determined that subject no longer meets the standards for access to special intelligence information and therefore is not eligible for cryptologic duties.

2. Accordingly, it is requested that he be transferred from duty with the Naval Security Group and that his rating be changed to other than Communications Technician. As requested by reference (a), assignment to one of the following ratings is recommended: EM, SH, SK, or DK.

G. G. HENRIKSEN
By direction

Copy to:
CNO (OP942D/NIS 50)
CO NAVCOMMSTA PHILIPPINES



FOR OFFICIAL USE O

NSG/G121/wjn
5521
Ser 15895
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
13 JUL 1972

FOR OFFICIAL USE ONLY

From: Commander, Naval Security Group Command
To: Chief of Naval Personnel

Subj: CTR1 Harold Eugene SIX, USN, 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
DPOB: 27 April 1946, Torrington, Wyoming

Ref: (a) CHNAVPERS ltr Pers-F11a-ewa 5500 of 29 May 1962 (NOTAL)

1. Based on evidence of excessive use of intoxicants and financial indebtedness, it has been determined that subject no longer meets the standards for access to special intelligence information and therefore is not eligible for cryptologic duties.

2. Accordingly, it is requested that he be transferred from duty with the Naval Security Group and that his rating be changed to other than Communications Technician. As requested by reference (a), assignment to one of the following ratings is recommended: RM, SM, SK, or DK.

G. G. HENRIKSEN
By direction

Copy to:
CNO (OP942D/NIS 50)
CO NAVCOMMSTA PHILIPPINES

Blind copy to:
CHNAVPERS (Pers-F31)
CHNAVPERS (Pers-F112)



FOR OFFICIAL USE ONLY

DEPARTMENT OF THE NAVY
BUREAU OF NAVAL PERSONNEL
WASHINGTON, D.C. 20370

F-84
(12/69)
IN REPLY REFER TO
Pers-E33:AM
27 Oct 1972

From: Chief of Naval Personnel

To: Commanding Officer
U. S. Naval Station
Treasure Island
San Francisco, CA 94130

Subj: CTR1 Harold Eugene SIX, USN, 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
Indebtedness of

Ref: (a) BUPERSMAN 6210140
(b) BUPERSMAN 6210140.8
(c) BUPERSMAN 3420220.3

Encl: (1) Ltr from G.A.C. Finance Corp, Long Beach, CA dtd 16 Oct 1972

1. Enclosure (1) is forwarded for appropriate action in accordance with reference (a). It is also requested, when a paragraph below is checked, that the additional action specified be taken:

☐ a. Forward to the Chief of Naval Personnel (Attn: Pers-E3) a copy of the reply made to the creditor by subject member or the command, as appropriate. This matter has been previously referred for action in accordance with reference (a). Attention is directed to the specific provisions of reference (b).

☐ b. It appears that subject member should be counselled in accordance with reference (c). This matter has been previously referred for action in accordance with reference (a). Attention is directed to the specific provisions of reference (b).

☐ c. Advise the Chief of Naval Personnel (Attn: Pers-E3) of the action taken or contemplated in accordance with reference (c). This matter has been previously referred for action in accordance with reference (a).

2. The writer of enclosure (1) has been advised of this referral.

3. If subject member has been transferred, forward this correspondence to his new duty station, and advise the Chief of Naval Personnel of this transmittal by copy of the endorsement.

G. J. WALSH
By direction

NAVPERS 1610/2 (Rev.12-69)

From: CTR1 Harold Eugene SIX, USN, 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
To: Commander, Naval Security Group Command
Via: Commanding Officer, U. S. Naval Communication Station Philippines

Subj: Continued duty with the Naval Security Group; request for

Encl: (1) Copy of Financial Statement
(2) Copy of G.A.C. Finance Corporation ltr of 2 Jun 1972
(3) Copy of Enlisted Performance Evaluations

1. On 7 July 1972, my clearance was revoked.

2. Enclosures (1) through (3) are provided for your information.

3. I have served with the NAVSECGRU since 1964 as a CTR. I was advanced to CTR3 in May 1965, CTR2 in October 1967, and CTR1 in June 1970. Since joining the NAVSECGRU, I have worked in DF, P&R, and crypto-analysis.

4. My Naval schooling includes CTR school at Pensacola, Florida [illegible]Y155 at Fort George G. Meade, Maryland.

FINISHED FILE
AUG 30 1972
Pers F321

5. I have been assigned to the following duty stations:

NAVCOMMTRACEN Pensacola, Florida, training 6 months.
NAVSECGRUACT Bremerhaven, Germany, training 4 months.
NAVCOMMSTA WASH, Cheltenham, Maryland, "R" branch 11 months.
USS LIBERTY (AGTR-5) "R" branch and P&R 13 months.
NAVRADSTA Imperial Beach, California, DF 3 years.
NAVSECGRUACT Fort George G. Meade, Maryland, training 6 months.
US NAVCOMMSTA PHIL, Fleet Support analysist and OCC technical supervisor. While assigned at this command, I have been TAD to Phu Bai, RVN, as an analysist for 90-days and to Da Nang, RVN, as leading CTR for 45-days.

6. I have received the following awards: Purple Heart, Combat Action Ribbon, Presidential Unit Citation Ribbon, Navy Unit Commendation Ribbon, Meritorious Unit Commendation Ribbon, Navy Good Conduct Medal, National Defense Service Medal, Republic of Vietnam Campaign Medal, and the Vietnam Service Medal.

7. Based on the above and the information contained in enclosures (1) through (3), it is requested that my access to NAVSECGRU duty be reinstated and that I be assigned to NAVSECGRU duties. Any consideration afforded this request would be appreciated.

8. In accordance with CHNAVPERS message 141515Z JUL 1972, I am being transferred to Naval Station, Treasure Island, San Francisco, California, for temporary duty. Accordingly, it is requested that any information be provided to that command.

HAROLD E. SIX
Harold E. Six

Encloser # 1 Page 1 of 3

Financial Statement

CTR1 Harold Eugene Six U.S. NavCommSta Phil 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

| | | |
|---|---|---|
| Average Monthly Income | | $512.30 |
| Allowances: | | |
| | Houseing | $150.00 |
| | Clothing | $ 6.30 |
| Other | ComRats | $ 43.80 |
| | Foriegn Duty | $ 20.00 |
| | Total | $732.50 |
| Average Monthley Expenditures | | |
| | Shelter | $150.00 |
| | Food | $110.00 |
| | Clothing | $ 20.00 |
| | Utilities | $ 4.30 |
| | Entertainment | $ 35.00 |
| other | | |
| | SGLI | $ ~~3.00~~ 2.55 |
| | Exchange | $ 50.00 |
| | Social security | $ 27.18 |
| | Life Insurance | $ 24.15 |
| | Income Tax | $ 84.50 |
| | Naval Fed. Credit Union | $ 84.88 Loan Payment Due $82.24 |
| | Spiegals Catalog | $ 25.00 Loan Payment Due $18.00 |
| | G.A.C. Finance | $ 30.00 Loan Payment Due$17.00 |
| | Red Cross | $ 25.00 |
| | Navy Relief | $ 25.00 |

Current Indebtedness is Summarized as follows:

Creditor Navy Federal Credit Union

Nature of debt Loan

Date Debt incurred-Oct, 1970 Refinced May 1972

Date Last payment made-July 18,1972

Origianl amount owed -$3,400 Refinced$ 1721.44

Down Payment - None

Amount Paid to date -$2,081.25 old loan Refinced$264.48

Amount owed - None old loan Refinced$1456.96

Page 2 of 3

Current indebtedness is summarized as follows con't.

Creditor - Navy Relief
Nature of debt - Emergency Loan
Date debt incurred - Janurary 1972
Date of last payment - July 1, 1972
Original Amount owed - $200
Down Payment - None
Amount paid to date - $125
Amount owed - $75

Creditor - Red Cross
Nature of debt - Emergency Loan
Date debt incurred - Janurary & Feburary 1972
Date last payment made - July 1, 1972
Original amount owed - $200
Down payment - None
Amount paid to date - $100
Amount owed - $100

Creditor - G.A.C. Finance
Nature of Debt - loan
Date debt occured - December 1970
Date Last payment made - July 18, 1972
Original amount owed - $400
Down payment - None
Amount paid to date - $316
Amount owed - $84.85

Creditor - Spiegals Catalog
Nature of debt - Revolveing Charge
Date debt occured - April,1968
Date of Last payment made - July 15, 1972
Originial amount owed - $500 (max)
Down payment made - None
Amount paid to date - Unknown
Amount owed - $273.99

Page 3 of 3

My intentions to liquidate my obligations are as follows:

A. Navy Federal Credit& Union: Payroll allotmentof $84.88 monthly.

B. Navy Reliefe: Payroll allotment of $25.00 monthly.

C. Red Cross: Payroll allotment of $25.00 monthly.

D. G.A.C. Finance: Regular monthly payment of $18.00 I am paying $30.00 a month. Plus I have just sent them on July 18, 1972 a ~~momter~~ money order for $100.00.

E. Spiegals Catalog; Regular monthly payment& of $17.00 I am paying $25.00 a month. Plus on the 15, of July 1972 I sent them a money order for $100.00.

I Certify that & the foregoing is correct and complete to the best of my knowledge and belief.

Harold E. Six Sr.
Harold E Six Sr
CTR1 USN