ENCLOSER # 2

# G.A.C. FINANCE Corporation

P.O. BOX 18206
960 LINCOLN STREET
DENVER, COLORADO 80218
TELEPHONE: 303-244-2495

June 2, 1972

CT 1 Harold E. Six 520 46 1848
USN COMM STA PHIL BOX 490
FPO San Francisco 96656

Dear Sir:

Need $$ for the leave or to ease the Family Budget. Since you are a good customer of GAC Finance Inc, we have enclosed loan papers to renew your account.

Please sign loan papers where indicated, complete both sides of the money request and return. Upon receipt we shall promptly process your request.

Sincerely,

GAC FINANCE INC

Bill Buster
Bill Buster
Manager

BB:sms

SPEEDISET® MOORE BUSINESS FORMS, INC. KRB

LENDER
G A C FINANCE INC.

## FEDERAL DISCLOSURE STATEMENT

NO. AND STREET [redacted] CITY

| ACCOUNT NO. | DUE | OLD ACCOUNT NO. | DELINQUENT CHARGE | LOAN DATE |
|---|---|---|---|---|
| | | 35273-2 | | [redacted] |

| FIRST NAME / INITIAL / LAST NAME | SPOUSE | FINANCE CHARGE | | | OFFICIAL FEES | TOTAL OF PAYMENTS |
|---|---|---|---|---|---|---|
| Harold E. Six | Lucy | $191.91 | | | $ | $ 720.00 |
| STREET AND NUMBER | [redacted] | AUTO INS. $ | CREDIT LIFE $10.80 | CREDIT DIS. $ | HHG-FIRE $ | AMOUNT FINANCED $ 528.09 |
| CITY-STATE-ZIP CODE | APR 31.73 % | NOTE IS PAYABLE IN MONTHLY PAYMENTS: THE FIRST ONE X$ 30.00 AND 23 X$ 30.00 EACH EXCEPT FINAL PAYMENT SHALL BE UNPAID BALANCE AND INTEREST. | | | FIRST PAYMENT DUE | FINAL PAYMENT DUE |

ANNUAL PERCENTAGE RATE

This loan is secured by:

☒ NA A Security Agreement on all of the Household Goods belonging to the Borrowers located at their address shown above. After acquired Household Goods will be subject to the Security Agreement granted the Lender; and future indebtedness to the Lender will also be secured by such property.

☒ NA A Security Agreement on the following described motor vehicle:

Make ______________________ Serial No. ______________________

☒ NA Other (Describe) ______________________

Payment in advance may be made hereon in any amount at any time. In the event this note is prepaid in full one month or more before the final installment due date, a refund of the unearned portion of the finance charge precomputed hereon shall be made according to the Rule of 78ths, subject to a minimum earned finance charge which will be the lesser of the contract amount of loan finance charge or $5.00 where the original principal was $75.00 or less; $7.50 where the original principal was more than $75.00 but less than $500 and $15 where the original principal was $500 or more. No refund of less than $1 will be made.

In the event of default in the full payment of any scheduled installment, the Lender at its option and without notice or demand, may declare the entire unpaid balance of the note and all accrued charges thereon at once due and payable. If two or more installments or parts thereof are in default for 20 days or more, Lender may elect to convert the loan from a precomputed loan to one in which the loan finance charge is based on unpaid balances. In this event, Lender shall make a rebate of a portion of the precomputed charges on the same basis as if the loan were prepaid in full as of the maturity date of the first delinquent installment, and thereafter may at its option compute finance charges at 12% per year on unpaid balances of principal until fully paid. Any delinquency or deferral charges made with respect to installments due at or after the maturity date of the first delinquent installment shall be rebated, and no further delinquency or deferral charges shall be made.

In the event that any installment is not paid in full within 20 days after its scheduled due date, the undersigned agree to pay a delinquency charge reflected above for each such installment in the amount of 5% of the unpaid amount of the installment but not to exceed $5. If the loan is not paid on the final payment date the unpaid balance shall bear interest at the contract rate.

First installment is due on date shown and each succeeding installment is due on the same date in each succeeding month except when such due date is a Saturday, Sunday or holiday the due date in that month shall be the next succeeding business day.

Borrower acknowledges that prior to the consummation of this loan, he has received a copy of this statement which hereby informs him that any Credit Life or Credit Disability insurance written in connection with this loan is not required by the Lender and is optional with the Borrower. Where insurance against loss of or damage to property is written in connection with this loan, the cost of such insurance(s) if obtained from Lender is shown above. Such insurance(s) may be obtained by Borrower through any person of his choice, however, the Lender reserves the right to refuse, for reasonable cause, to accept an insurer offered by the customer.

If you have any questions, please call us. Thank you again for the opportunity to serve you.

Bill Buster
Manager

AR 562

GAC Finance Inc
*A unit of GAC Corporation*
*960 Lincoln Street*
*Denver, Colorado 80218*
*Telephone 303 244-2495*

MONEY REQUEST

Date. . . . . . . . . . . . . . . . . . . . . . . .

FULL NAME. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . No. of Children. . . . . . . . .
[Last] [First] [Middle] Regular. . . . . . . . .

Rank or Grade. . . . . . . . . . Serial No. . . . . . . . . . . . Branch of Service. . . . . . . . . . . MOS . . . . . . . . .

Social Security No. . . . . . . . . . . . . . . . . . . . . Date of Birth. . . . . . . . . . . . . . Age. . . . . . . . . . . .

Est. Time of Separation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . No. Months Present Duty Station. . . . . . . .

Are you likely to be Transferred
Separated or Discharged Within 24 Months. . . . . . . . . . When. . . . . . . . . . . . . . . . Wife's First Name. . . . . . . . . . . . . . .
[Circle the one that applies]

Where To. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Name of Immediate Superior or Commanding Officer. . . . . . . . . . . . . . . . . . . . . . .
[Base, City and State]

No. Years Service. . . . . . . . . Base Pay. . . . . . . . . . Class Q Allotment. . . . . . . . . Hazard Pay. . . . . . . . . . . . Rent & Sub. . . . . . . . . Other Income. . . . . .
[Source]

Complete Station Address. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . F. P. O. A. P. O. . . . . . . . . . . . . . .

Wife's Complete Present Address. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Phone. . . . . . . . . . . . . . . .
[Street] [City] [State]

Wife's Occupation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Phone. . . . . . . . . . . . . . . .
[Name and Address of Employer]

Complete Last Stateside Duty Station Address. . . . . . . . . . . . . . . . . . . . . . . . . . . . How Long. . . . . . . . . . . . .

Complete Last Stateside Home Address. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . How Long. . . . . . . . . . . . .

Complete Address Previous Stateside Duty Station. . . . . . . . . . . . . . . . . . . . . . . . . How Long. . . . . . . . . . . . .

Complete Previous Stateside Home Address. . . . . . . . . . . . . . . . . . . . . . . . . . . . . How Long. . . . . . . . . . . . .

Permanent Stateside
Home Address. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Phone. . . . . . . . . . . . . . . .
[Street, City and State]

Your Nearest Relative
[Other than Wife] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
[Full Name] [Complete Address] [Relationship] Phone

Wife's Nearest Relative. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
[Full Name] [Complete Address] [Relationship] Phone

Have you ever had an account with GAC Finance Inc?. . . . . . . When. . . . . . . . . . . Amount. . . . . . . . . . . . . .
Open. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Where [Most Recent]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Paid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
[Street, City and State]

Class E. Allotment To A Bank Now. . . . . . . . . . . . . Yes No. . . . . . . . . If Yes Name and Address. . . . . . . . . . . . . . . . . . . . . . . .

Form 503

COMPLETE AND RETURN

AR 563

Amount of Loan Desired.................No. of Months.................Payments to Start.........................

Purpose of This Loan.........................................................................................

Automobile..........................................................................................................
(Make and Year) (Balance Owed) (Payments) (Financed by—City and State)

## CREDIT INFORMATION

List all Present Obligations

Give names and addresses on all creditors with open or closed accounts.

| Creditors Name—Address—City & State | Article Purchased | Date | Amount | Monthly Payment | Date Last Payment | Balance | Remarks |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Other Credit References..........................................................................................

..........................................................................................................................

..........................................................................................................................

..........................................................................................................................

**The statements made herein are to induce GAC Finance Inc. to grant me a loan and I certify them to be true and correct. If loan is granted I will meet all payments in accordance with the terms of the contract.**

........................................................ (Signature of Applicant)

........................................................ (Signature of Applicant)

NOTICE

Title 18, Section 338 of the Code of Laws of the United States of America reads in part: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises....shall, for the purpose of executing such scheme or artifice or attempting so to do, place, or cause to be placed, any letter....in any....authorized depository for mail matter, to be sent or delivered by the post-office establishment of the United States....shall be fined not more than $1,000.00, or imprisoned not more than five years, or, both."

REPORT OF ENLISTED PERFORMANCE EVALUATION
NAVPERS 792 (Rev. 6-65)
S/N 0106-007-8920

PERIOD OF REPORT: 2 Jun 1972 To 7 JUL 1972

| NAME (Last, First, Middle) | SERVICE NO. | RATE ABB. | PRESENT SHIP OR STATION |
|---|---|---|---|
| SIX, Harold Eugene | 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 | CTR1 | U. S. NAVCOMMSTA PHIL |

INSTRUCTIONS

1. For each trait, evaluate the man on his actual observed performance. If performance was not observed, check the "Not Observed" box.
2. Compare him with others of the same rate.
3. If the major portion of his work has been outside his rate or pay grade during this reporting period, evaluate him on what he did. Describe what he did in the "Comments" section.
4. Pick the phrase which best fits the man in each trait and check left or right box under it. (Left box is more favorable.)

1. PROFESSIONAL PERFORMANCE: His skill and efficiency in performing assigned duties (except SUPERVISORY)

| NOT OBSERVED | Extremely effective and reliable. Works well on his own. | | Highly effective and reliable. Needs only limited supervision. | | Effective and reliable. Needs occasional supervision. | | Adequate, but needs routine supervision. | | Inadequate. Needs constant supervision. | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | * | | | | XX | | | | * | * |

2. MILITARY BEHAVIOR: How well he accepts authority and conforms to standards of military behavior.

| NOT OBSERVED | Always acts in the highest traditions of the Navy. | | Willingly follows commands and regulations. | | Conforms to Navy standards. | | Usually obeys commands and regulations. Occasionally lax. | | Dislikes and flouts authority. Unseamanlike. | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | * | | | | | | | | * XX | * |

3. LEADERSHIP AND SUPERVISORY ABILITY: His ability to plan and assign work to others and effectively direct their activities.

| NOT OBSERVED | Gets the most out of his men. | | Handles men very effectively. | | Gets good results from his men. | | Usually gets adequate results. | | Poor supervisor. | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | * | | | | XX | | | | * | * |

4. MILITARY APPEARANCE: His military appearance and neatness in person and dress.

| NOT OBSERVED | Impressive. Wears Naval uniform with great pride. | | Smart. Neat and correct in appearance. | | Conforms to Navy standards of appearance. | | Passable. Sometimes careless in appearance. | | No credit to the Naval Service. | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | * | | | XX | | | | | * | * |

5. ADAPTABILITY: How well he gets along and works with others.

| NOT OBSERVED | Gets along exceptionally well. Promotes good morale. | | Gets along very well with others. Contributes to good morale. | | A good shipmate. Helps morale. | | Gets along adequately with others. | | A misfit. | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | * | | | | XX | | | | * | * |

6. DESCRIPTION OF ASSIGNED TASKS

Performs analytical and statistical functions for communications research studies in signal propagation; drafts messages and other correspondence as required; produces "working aids" and other technical reports in support of SEVENTH Fleet units.

7. EVALUATION OF PERFORMANCE (E-5 and above include comment on ability in self expression and command, orally and in writing, of the English language)

Petty Officer SIX has not distinguished himself during the period of this evaluation. There has been no appreciable change in his attitude or professional performance. He works to accomplish assigned tasks but is lax in checking the accuracy of his work and often requires supervision in completing routine and recurring tasks. Petty Officer SIX has a good technical background, but does not always apply his knowledge and experience to the best of his ability. He has frequently demonstrated his immaturity in his judgments, actions and ability to create enthusiasm for professionalism among his subordinates. A history of indebtedness, excessive drinking, and domestic difficulties have combined to create massive distraction from his professional assignment. In this respect, on 4 July 1972, Station Security Forces were required at his assigned govern-

* 8. THESE ITEMS MUST BE JUSTIFIED BY COMMENTS IN ADDITION TO THOSE IN ITEM 7 ABOVE

Petty Officer SIX's failure to respond to the inherent demands at an overseas activity and to accept the responsibilities of a senior petty officer have caused numerous incidents at this command, including incidents at the Enlisted Men's Club, harassment of the Marine sentries, excessive drinking, and domestic difficulties which appear to be

| 9. REASON FOR REPORTING | 10. DATE | 11. SIGNATURE OF REPORTING SUPERIOR |
|---|---|---|
| ☐ SEMIANNUAL ☐ TRANSFER ☒ OTHER Special | 13 Jul 72 | CDR M. HOPKINS, USN<br>Executive Officer |

AR 565

NAVPERS 792 (Rev. 6-65) BACK

12. SERVICE SCHOOL(S) ATTENDED DURING PERIOD OF THIS REPORT

| INCLUSIVE DATES | SCHOOL | GRADUATED (YES-NO) | CLASS STANDING |
|---|---|---|---|
| | | | |

13. SPECIAL QUALIFICATIONS NOT INDICATED BY RATING OR PRIMARY NEC ATTAINED DURING PERIOD OF THIS REPORT

(BLK # 7 CONT)

ment quarters to restore a degree of normalcy. On 7 July 1972, Petty Officer SIX was rendered ineligible for access or employment within the Naval Security Group Department of this command and was transferred to other duties. As a result of his demonstrated absence of reliability and failure to conform to meet minimum standards of personal behavior, Petty Officer SIX is not recommended for assignment to an overseas area. Further, he is not recommended for a position of trust and responsibility involving access to classified information or for advancement to Chief Petty Officer. His command of the English language, both orally and in written form is average.

(BLK # 8 CONT)

without resolution. The incident on 4 July 1972 during which he caused a considerable disturbance at his quarters, serves as an excellent example of his apparent inability to properly control his own actions.

14. OFF-DUTY EDUCATIONAL ACHIEVEMENTS *(USAFI, college courses, correspondence courses, etc.)* COMPLETED DURING PERIOD OF THIS REPORT.

G.A.C. FINANCE Corporation

P.O. BOX 18206
960 LINCOLN STREET

DENVER, COLORADO 80218
TELEPHONE: 303-244-2495

August 1, 1972

Chief Petty Officer
USN COMM STA PHIL
FPO San Francisco 96656

RE: CT1 Harold E. Six 520 46 1848

Dear Sir:

CT1 Harold Six obtained a loan from GAC Finance on January 8, 1971 in the amount of $ 460.67 . His present balance is $ 184.85 and the last payment was received on, June 20, 1972.

We have written to him numerous times advising him of his delinquent account, requesting he make arrangements with us for repayment. To date, no satisfactory arrangements have been made.

Our office is staffed with retired NCO's and we assure you that every effort has been made by us to effect arrangements. We, of course, also abide by the Federal Truth in Lending Laws.

We would appreciate your counseling the individual regarding this obligation. If possible, we would appreciate a payment along with his letter of intentions for the liquidation of his account.

If he is no longer a member of your unit, his new address will be appreciated. Thank you for any assistance you may be able to offer us.

Sincerely,

GAC FINANCE CORPORATION

Ray Bishop
Adjustment Officer

:mah

51:WDV:ram
1306
Ser 425

16 AUG 1972

G.A.C. Finance Corporation
PO Box 18206
960 Lincoln Street
Denver, Colorado, 80218

Dear Sirs:

This is to acknowledge receipt of your letter of August 1, 1972 concerning the alleged indebtedness of CTR1 Harold E. SIX, USN, 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.

Petty Officer SIX was transferred from this command of July 31, 1972 to the Naval Station, Treasure Island, California for temporary duty with disposition as directed by the Chief of Naval Personnel. CTR1 SIX stated that his leave address would be 4300 Holt Blvd., Montclair, California.

Sincerely yours,

W. A. DESHLER
Commander, U. S. Navy
By direction of the
Commanding Officer

Copy to: (with referenced correspondence)
CO NAVSTA Treasure Island, California
Chief of Naval Personnel, Washington, D. C.

DEPARTMENT OF THE NAVY
U.S. NAVAL COMMUNICATION STATION
FPO, SAN FRANCISCO 96656

FINISHED FILE B2166

PERS:VM:es
1306
Ser: 3008
15 MAY 1972

From: Commanding Officer, U.S. Naval Communication Station Philippines
To: Chief of Naval Personnel (Pers-B2166)

Subj: Overseas Assignment in the case of CTR1 Harold Eugene SIX, USN, 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

Ref: (a) CHNAVPERS Ø5Ø343Z MAY 72

Encl: (1) Indebtedness letter from G.A.C. Finance Corporation, P.O. Box 18206, Denver, Colorado 80218 of 10 November 1971
(2) Communication Officer, NAVCOMMSTA PHIL Memorandum of 26 November 1971
(3) Indebtedness letter from Spiegel, Chicago, Illinois 60609 of 8 September 1971
(4) Indebtedness letter from C.O., U.S. NAVHOSP, FPO San Francisco 96651 NH23: 7500 of 17 June 1971
(5) Indebtedness letter from San Diego Gas & Electric Company, 311 F Street, Chula Vista, California 92010 of 2 April 1970
(6) Indebtedness letter from G.A.C. Finance Corporation, P.O. Box 18206, Denver, Colorado 80218 of 19 November 1971

1. In reply to reference (a), enclosures (1) through (6) are forwarded.

R. T. Rupton Jr.

R. T. RUPTON Jr.

Copy to:
COMNAVSECGRU (G-12) (w/enclosures)

REINICKE
ACTION DUE
30 MAY 72

RECEIVED
MAY 22 1972
PERS-B2166

MJP
Perry

FINISHED FILE B2166

S/R

Legal

COMMANDING OFFICER
U. S. NAVAL COMMUNICATION STATION
FPO SAN FRANCISCO 96656

10 DEC 71

G.A.C. FINANCE CORP.
P.O. BOX 18206
DENVER, COLORADO 80218

Dear Sir:

This is in reply to your letter of 10 NOV 71 concerning the alleged indebtedness of CTR1 HAROLD E. SIX, 520 46 1846. In view of the contents of your letter, the service member has been advised to communicate with you regarding his intentions in this matter.

It is hoped that the above action will result in this matter being satisfactorily resolved.

Sincerely yours,

V. MARSEGLIA
CWO-2 USN
Personnel Officer
By direction of the
Commanding Officer

Enclosure:
(1) Completed Alleged Indebtedness Questionnaire

CERTIFIED TO BE A TRUE COPY

NCSP FORM 1610/3
ALLEGED INDEBTEDNESS LETTER

ENCLOSURE (9)

8 8

29 November 1971
Date

From: CTR1 H. E. SIX, USN, 520 46 1848
To: Commanding Officer, U.S. Naval Communication Station, FPO San Francisco, CA 96656

Subj: Alleged Indebtedness Questionnaire

1. Do you dispute this debt? No

2. If you dispute this debt, can you substantiate your claim? ____
How?

3. I understand that legal assistance can be obtained from the NCSP Legal Office and that any additional information concerning my account can be obtained by corresponding directly with the claimant.

Harold E. Six
Signature

CERTIFIED TO BE A TRUE COPY

NCSP FORM 1610/4 (Rev 8-71)
ALLEGED INDEBTEDNESS QUESTIONNAIRE

ENCLOSURE (1)

30 Nov 71

Dear Sir

In reply to your letter to my commander dtd 10 Nov 71 and your telephone call on 11 Nov 71.

My Wife told me she sent you $20.00 on the 15th of Oct 71 and I sent you $20.00 on the 15th of Nov 71 after my return from temporary duty in Vietnam.

Since I was in Vietnam from Sept thru Oct and the wife was handling the finances I had no idea we were behind in our payments until I received your letter.

I hope you will accept my apology and my assurance that it will not happen again.

Along with this letter I'm sending you another $20.00

Sincerely
Harold E [illegible]

COPY OF LETTER SIX IS SENDING E Co. WITH A $20.00 MONEY ORDER

CERTIFIED TO BE A TRUE COPY
[signature]

ENCLOSURE (1)

22 NOV 71

From: Personnel Officer, U.S. NAVCOMMSTA PHIL
To: Code 5
Via: Code

Subj: Alleged Indebtedness ICO CTR1 H. E. SIX, USN, 520 46 1848

Encl: XX(1) Letter From G.A.C. FINANCE CORP.
(2) NCSP FORM 1610/6, Certificate of Compliance
(3) State of Full Disclosure
XX(4) NCSP Form 1610/4, Alleged Indebtedness Questionnaire

1. Enclosures (1), (2), and (3) are forwarded as a matter under your cognizance.

2. Ensure that SNM corresponds with originator of enclosure (1) and a copy of his reply forwarded to Code 21. Enclosure (4) must be completed and returned to Code 21.

3. Enclosures (2) and (3) need not be submitted at this time.

V. MARSEGLIA
CWO-2 USN

CERTIFIED TO BE A TRUE COPY

NCSP FORM 1610/1
DEPARTMENT HEAD/DIV OFF NOTIFICATION
OF ALLEGED INDEBTEDNESS

ENCLOSURE (1)