# G.A.C. FINANCE Corporation

P.O. BOX 18206
960 LINCOLN STREET
DENVER, COLORADO 80218
TELEPHONE: 303-244-2495

November 10, 1971

Commanding Officer
USN COMM STA PHIL
FPO SF 96656

RE: CT Harold E. Six 520 46 1848

Dear Sir:

We are corresponding with you concerning Six's account with this corporation. His last payment was received on June 16, 1971 and his present balance is $382.13.

Our records show that we contacted your office regarding this matter on October 23, 1971, and as of this date a reply has not been received. Futher we have tried to contact him by phone without success. Enclosed is a copy of the "Full Disclosure Statement" to show our compliance with your directive.

Would you please counsel our customer and advise us his intentions.

Thanks very much for your time and effort in this matter.

Sincerely,

GAC FINANCE CORPORATION

Carl Royce
Carl Royce
USMC (RET)

CR:jc

CC: Cust

CERTIFIED TO BE A TRUE COPY

ENCLOSURE (1)

UNITED STATES NAVAL COMMUNICATIONS

CERTIFIED TO BE A TRUE COPY

# MEMORANDUM

1971 NOV 28 08 17

26 NOV 1971

**From:** Communication Officer

**To:** Executive Officer

1. Discussed incidents attached hereto with RM1 NUNNALLY after advising him of his rights under article 31. His Division Officer, ENS MEEK, was present for most of the discussion. A brief narrative:

RM1 and Mrs. NUNNALLY went to the EM Club on 19 Nov and joined CTR1 and Mrs. SIX at a table. CTR1 SIX, who had allegedly been drinking rather heavily, left the club for a period and returned shortly before 2200. Upon his return he (CTR1 SIX) knocked over a fan in the club and promptly engaged in some sort of domestic squabble with Mrs. SIX. Both went outside the club to further "discuss" the matter. As a result of noise and cries of Mrs. SIX from outside the club, Mrs. NUNNALLY, followed by her husband, went out to intercede. CTR1 SIX allegedly was about to strike Mrs. SIX, Mrs. NUNNALLY tried to intervene, whereupon CTR1 SIX allegedly slapped Mrs. NUNNALLY and pushed her out of the way, advising her to stay out of the way. When Mrs. NUNNALLY was slapped, RM1 NUNNALLY intervened and struggled with CTR1 SIX. During their wrestling match, CTR1 SIX was struck in the face by RM1 NUNNALLY (who admits striking him) and as they continued to struggle, they fell against Mrs. NUNNALLY, causing her to fall to the pavement, where she sustained her injury. Other friends then broke up the scuffle and Mrs. NUNNALLY was taken to the dispensary. Apparently CTR1 SIX appeared at the dispensary on a couple of occasions and created enough of a scene to result in his being placed on report. Since CTR1 SIX was written up for his behavior, the CMAA apparently directed that RM1 NUNNALLY be placed on report also, presumably because of his involvement in the preceding incident. RM1 NUNNALLY states he had been drinking but "not to the extent that he didn't know what he was doing". Mrs. NUNNALLY did not sustain her fracture as described on the injury report by her husband, but rather as a direct result of the struggle between CTR1 SIX and RM1 NUNNALLY. The two couples have since made amends and are on good terms, although RM1 NUNNALLY states that he believes MRs. SIX will support his version of the entire espisode.

2. I recommend Captain's Mast for the charges under articles 134 and 128 in order for the Captain to hear both sides of the story. I don't know what legal basis there would be for charging RM1 NUNNALLY with making a false official statement regarding the injury report, and probably it would serve no useful purpose to pursue the matter.

ENCLOSURE (2)

UNITED STATES NAVAL COMMUNICATIONS

# MEMORANDUM

SAN MIGUEL

From: Communication Officer

To:

3. Further, because of a long history of inability to satisfacorily resolve his personal affairs, despite repeated counseling, I strongly recommend immediate action to return RM1 NUNNALLY and his family to CONUS, with the appropriate notation in his official record that neither he nor his family are considered suitable for overseas service.

[signature]
J. H. KLOMAN

CERTIFIED TO BE A TRUE COPY

[signature]

ENCLOSURE (2)

Name | Grade/Rate | Service Number

Six Harold E. | CTR1 | 777-58-53

[illegible] do hereby [illegible] make the following statement of my own free will, and have not had any threats, duress or promises made to me. I further certify that I understand my rights under Article 31 of the Uniform Code of Military Justice, and said Article has been read and explained to me.

In The 19 of Nov 1971 was involved in dispute with my wife at the Pair-o-dice lub. We walke out side to talk it over nd were followed out side by one of my wi~~fes~~ friend and her husband. My ife and I continued to argue until his other ~~womans~~ mans wife attacked me. his man's wife has tried to intercede etween me and my wife and I told er to shut up and stay out of it at is when I was hit in the face

CERTIFIED TO BE A TRUE COPY

[signature]

ENCLOSURE (2)

22 Nov 1971

R. Wallen

Harold E. Six

NUNNALLY, CHARLES W. RM1 684 85 94

RM1 Charles W. Nunnally

ON 19 NOV 1971 AT APPROX. 2200 AT THE ENLISTED MENS CLUB, MY WIFE AND I WERE SETTING WITH MRS. LUCY SIX WHEN SHE AND HER HUSBAND STARTED QUARRELING. THEY WENT OUTSIDE THE CLUB AND WERE STILL ARGUING AND PUSHING EACH OTHER. SINCE MY WIFE WAS WITH MRS. SIX, SHE TRIED TO STOP THE ARGUEMENT. MR. SIX SHOVED MY WIFE AND I GOT INVOLVED WITH MR. SIX IN HER DEFENSE.

RM1 Charles W. Nunnally

RTIFIED TO BE A TRUE COPY

1810 DATE 11/22/71

ENCLOSURE (2)

INJURY REPORT
NAVMED 6310 (REV. 2/62)
Stock No. IL-0197-000-7300

FROM

Medical Officer, NCSP, FPO, SAN FRANCISCO 96656

TO

Safety Officer, NCSP, FPO, SAN FRANCISCO 96656

In accordance with Article 3-9; MMD, U. S. Navy 1949, report is made of the following named person who this date sustained injury.

| NAME OF PERSON INJURED | SERVICE NUMBER | GRADE | BRANCH OF SERVICE |
|---|---|---|---|
| NUNNALLY, DARLENE DWN | 684 85 94 | DEP/WIFE | USN |

COMMAND OF PERSON INJURED

RM1 CHARLES W. NUNNALLY, NCSP, FPO, SAN FRANCISCO 96656

DATE, TIME AND PLACE OF INCIDENT CAUSING INJURY

19 NOVEMBER 1971 2230H EM CLUB PARKING LOT, NCSP, SAN MIGUEL, R. P.

| FIRST SEEN BY MEDICAL OFFICER | DATE | TIME | PLACE |
|---|---|---|---|
| HM3 J. FREERKS | 19 NOV 71 | 2240 | NCSP DISPENSARY |

| DIAGNOSIS | PROGNOSIS |
|---|---|
| Chip Fracture of Lateral Articular Plate, Upper (R) Tibia. | Good. |

CONDITION OF INDIVIDUAL AT TIME OF EXAMINATION

UNDER INFLUENCE OF

ALCOHOL ☐ BARBITURATES ☐ NARCOTICS

OTHER (Specify)

☒ NOT UNDER INFLUENCE OF ITEMS LISTED

☐ UNABLE TO DETERMINE DUE TO PHYSICAL CONDITION

BASIS FOR OPINION OF THE ABOVE INFORMATION

CLINICAL FINDINGS (Specify)

(R) Hemarthrosis of Knee, point tenderness over upper lateral tibia.
X-Ray - Chip Fracture.

| BLOOD SPECIMEN FOR ALCOHOL DETERMINATION WAS | TYPE OF TEST | HOUR TAKEN | RESULT |
|---|---|---|---|
| ☐ TAKEN ☒ NOT TAKEN | | | |

OTHER TESTS (Specify)

X-Rays - Positive for Fracture

ALLEGED CIRCUMSTANCES INITIALLY REPORTED AND SOURCE OF INFORMATION

1. Within Command - On Base.
2. Patient's husband states: "My wife caught her leg (R) between door and running board of my truck and fell against pavement."
3. TREATMENT: (1) Cylinder Cast (R) Leg for 3-6 weeks. (2) Parcodan #10
4. RTC in A.M.

CERTIFIED TO BE A TRUE COPY

IT IS POSSIBLE THAT THE FOLLOWING DISABILITY MAY RESULT

TEMPORARY ☐ PERMANENT PARTIAL ☐ PERMANENT TOTAL

ESTIMATED LOSS OF TIME FROM DUTY AS A RESULT OF INJURY OR DATE OF RETURN TO DUTY: N. A.

DISPOSITION

RETURNED TO HOME DUTY ☐ ADMITTED TO SICK LIST ☐ TRANSFERRED TO STATION HOSPITAL

| DATE | SIGNATURE |
|---|---|
| 19 NOVEMBER 1971 | H. P. F. NORBERG, LT (MC) USNR |

TO SEC. OFFICER, PT's RECORD, FILE

ENCLOSURE (2)

AR 579

11-24-71

FM CSSO
TO XO

1. REPORT ~~IS~~ BY HUSBAND IS IN ERROR AS TO THE TRUE FACTS IN THE CASE.

2. ~~E~~ I RECOMMEND THE NUNNALLY FAMILY BE TRANSFERRED CONUS ASAP.

Very respectfully,
[signature]

CERTIFIED TO BE A TRUE COPY
[signature]

ENCLOSURE (2)

ADMIN

NMJS034

PTTEZYUW RUEBUFA0134 0081633-EEEE--RUMFSAA.
ZNY EEEEE
R 081633Z JAN 72
FM CHNAVPERS
TO RUWJMUA/ EPDOPAC
INFO RUMFSAA/ NAVCOMMSTA PHIL
RUWMMUA/ COMNAVPHIL
BT
UNCLAS E F T O //N01306//
RM1 CHARLES W. NUNNALLY, USN, 419 58 7641
1. CITE BUPERS TO 80122
AND TRF IMMED RM1 CHARLES W. NUNNALLY, DO NOT ASSIGN OVERSEAS
BT
#0181
YUN 18180Z

0 8 1 6 3 3 Z JAN 1 9 7 2
135

ADMIN

JZCZCLDN0295 NMJ6296
PTTUZ YUW RUWJMUA1524 0082157 UUUU--RUMFSAA.
ZNR UUUUU
P 082157Z JAN 72
FM EPDOPAC
TO RUMFSAA/NAVCOMMSTAPHIL
INFO RUENJFA/CHNAVPERS
RUWNFGA/USS TICONDEROGA
BT
UNCLAS //N01306//
RM1 CHARLES W. NUNNALLY, USN, 419 58 7641
A. CHNAVPERS 081633Z JAN 72
1. BUPERS TO 8122, TRF RM1 CHARLES W. NUNNALLY, USN, 419 58 7641
TO USS TICONDEROGA CVS-14 [illegible] SDIEGO FORDUTY (SEA). DELREP NONE.
BT
#1524
TOR:082236Z

0 8 2 1 5 7 Z JAN 1 9 7 2
135

CERTIFIED TO BE A TRUE COPY

ENCLOSURE (2)

S/R

COMMANDING OFFICER
U. S. NAVAL COMMUNICATION STATION
FPO SAN FRANCISCO 96656

22 NOV 71

SPIEGEL
CHICAGO, ILLINOIS 60609

Dear Sir:

This is in reply to your letter of 08 SEP 71 concerning the alleged indebtedness of CTR1 H. E. SIX, USN, 520 46 1848 In view of the contents of your letter, the service member has been advised to communicate with you regarding his intentions in this matter.

It is hoped that the above action will result in this matter being satisfactorily resolved.

Sincerely yours,

V. MARSEGLIA
CWO-2 USN
Personnel Officer
By direction of the
Commanding Officer

Enclosure:
(1) Completed Alleged Indebtedness Questionnaire

CERTIFIED TO BE A TRUE COPY

NCSP FORM 1610/3
ALLEGED INDEBTEDNESS LETTER

ENCLOSURE (3)

352:FCB:jbj
1000
Ser 346-71
11 Nov 71

MEMORANDUM

From: Code 52
To: Code 21
Via: Code 5
Subj: Alleged Indebtedness ICO CTR1 H. E. SIX, USN, 520 46 1848

Encl: (1) NAVCOMMSTAPHIL Form 1610/1, Department Head/Division Officer Notification of Alleged Indebtedness
(2) NAVCOMMSTAPHIL Form 1610/4, Alleged Indebtedness Questionaire

1. Enclosures (1) and (2) are forwarded as a matter under your cognizance.

2. Regret delay in completing necessary action and returning Enclosures (1) and (2). However, SNM only recently returned to this command from detached duty with Fleet Support Detachment, Da Nang, RVN.

3. A copy of SNM's correspondence regarding alleged indebtedness is not available. However, individual assures this Division Officer that the matter has been corrected and future delinquencies in submission of payment will not occur.

D. L. CURRIE, Jr.
LCDR USN

CERTIFIED TO BE A TRUE COPY

ENCLOSURE (3)

30 SEP 71

From: Personnel Officer, U.S. NAVCOMMSTA PHIL
To: Code 52
Via: Code 50

Subj: Alleged Indebtedness ICO CTR1 H. E. SIX, USN, 520 46 1848

Encl: XX (1) Letter From SPIEGEL
(2) NCSP FORM 1610/6, Certificate of Compliance
(3) State of Full Disclosure
XX (4) NCSP Form 16[illegible]/4, Alleged Indebtedness Questionnaire

1. Enclosures (1), (2), and (3) are forwarded as a matter under your cognizance.

2. Ensure that SNM corresponds with originator of enclosure (1) and a copy of his reply forwarded to Code 21. Enclosure (4) must be completed and returned to Code 21.

3. Enclosures (2) and (3) need not be submitted at this time.

V. MARSEGLIA
CWO-2 USN

NCSP FORM 1610/[illegible]
DEPARTMENT H[illegible] OF NOTIFICATION
OF ALLEGED INDEBTEDNESS

CERTIFIED TO BE A TRUE COPY

ENCLOSURE (3)

30 SEP 71
Date

From: CTR1 H. E. SIX, USN, 520 46 1848/777 58 53
To: Commanding Officer, U.S. Naval Communication Station, FPO San Francisco, CA 96656

Subj: Alleged Indebtedness Questionnaire

1. Do you dispute this debt? NO

2. If you dispute this debt, can you substantiate your claim? How?

Above debt was taken care of on or about 03 Oct 1971

3. I understand that legal assistance can be obtained from the NCSP Legal Office and that any additional information concerning my account can be obtained by corresponding directly with the claimant.

Harold E Six
Signature

NCSP FORM 1610/4 (Rev 8-71)
ALLEGED INDEBTEDNESS QUESTIONNAIRE

ENCLOSURE ( 3 )