# In the United States Court of Federal Claims

No. 04-1727 C

(E-Filed: May 22, 2007)

HAROLD E. SIX, SR.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## ORDER

Before the court are Plaintiff's Notice of Directly Related Cases (Notice or Pl.'s Not.), filed on May 1, 2007, and Defendant's Response to Notice of Directly Related Cases (Response or Def.'s Resp.), filed on May 20, 2007. Plaintiff alleges that the complaint in this case and in Lockwood v. United States, No. 06-543, pending in this court before Judge Horn, "have their origins in the same incident" and thus "may be deemed to be directly related." Pl.'s Not. 1. Plaintiff "urge[s] the Court to consider establishing special procedures in these cases so that the common issues of both complaints will be jointly addressed, while the separate legal and factual issues raised by their complaints are also resolved as appropriate." Id. at 2.

Pursuant to Rule 40.2(a) of the Rules of the Court of Federal Claims (RCFC), cases are "directly related" when they "involve the same parties and are based on the same or similar claims." RCFC 40.2(a)(1)(A). One of the parties, defendant United States, is common to both cases. However, the plaintiffs are not the "same;" Mr. Harold E. Six is the plaintiff in this case and Mr. Bryce F. Lockwood is the plaintiff in Lockwood v. United States, Lockwood Complaint, July 27, 2006. The court agrees with defendant that it "is unaware of any authority that would warrant this [c]ourt to establish 'special procedures' to govern the litigation of cases that were filed at different times, involve unrelated litigants, are at different points in the litigation process, and involve the resolution of different factual and legal issues." Def.'s Resp. 1.

Plaintiff's characterization of this case and Lockwood v. United States, No. 06-543, as "directly related" is inapt. The court will not impose "special procedures" in these cases as urged by plaintiff.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge