# In the United States Court of Federal Claims

No. 04-1727 C

(E-Filed: August 20, 2007)

| | |
|---|---|
| HAROLD E. SIX, SR., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

The court has before it Plaintiff's Unopposed Out of Time Motion for Adjustment of Scheduling Order (Motion or Mot.), filed August 10, 2007. Rule 6(b) of the Rules of the Court of Federal Claims (RCFC) states that "the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." RCFC 6(b)(2). Plaintiff filed his Motion seven days "after the expiration of the specified period" and has shown cause for this failure – personal and unforseen professional responsibilities. Id.; Mot. 1-2. The remaining issue, therefore, is whether plaintiff's cause can properly be categorized as "excusable neglect."

The interpretation of "excusable neglect" – in the context of the Federal Rules of Civil Procedure, to which the RCFC conform, RCFC 6, rules committee notes (2002 Revision) – invokes the discretion of the court. Manhattan-Ward, Inc. v. Grinnell Corp., 490 F.2d 1183, 1186 (2d Cir. 1974) ("[D]etermination whether neglect in a particular case is excusable rests within the sound discretion of the district judge, and his ruling will be upset only if discretion is abused.") (citation omitted) . "The determination whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances." Rittmaster v. PaineWebber Group (In re PaineWebber Ltd. P'ships Litig.), 147 F.3d 132, 135 (2d Cir. 1998) (citation omitted). Mistakes made by a party may constitute excusable neglect, but good faith must be established. Id. In the context of the Federal Rules of Bankruptcy Procedure, the Supreme Court has held that the issue of whether a party's actions constitute "excusable neglect" is

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship (Pioneer), 507 U.S. 380, 395 (1993) (footnote omitted). The Federal Circuit has held that adopting this interpretation of "excusable neglect" is reasonable even where it is not required. Firsthealth of the Carolinas, Inc. v. Carefirst of Md., Inc., No. 06-1148, 2007 U.S. App. LEXIS 4251, at *7 (Fed. Cir. Feb. 27, 2007). The court found no binding case law directly on point and thus follows the contours of the generally undisputed interpretation of "excusable neglect" articulated in Pioneer. See, e.g., In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing to Pioneer and following that case's interpretation of "excusable neglect"); In re PaineWebber Ltd. P'ships Litig., 147 F.3d at 135 (same); Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir. 1995); Cronin v. Henderson, 209 F.R.D. 370, 371 (D. Md. 2002); Jetcraft Corp. v. Banpais, S.A. de C.V. (Jetcraft), 166 F.R.D. 483, 485 (D. Kan. 1996).

Plaintiff's mistake resulted in a Motion seven days after the deadline to file a response to defendant's motion for summary judgment on the administrative record. At this stage of the proceedings, the repercussions of this delay are negligible and could involve little or no prejudice to the defendant. Cf. In re PaineWebber Ltd. P'ships Litig., 147 F.3d at 136 (holding that it was not an abuse of discretion to deny a motion to exclude oneself from a class action one year out of time after the deadline to do so). The causes of plaintiff's mistake were overwhelming personal and professional responsibilities. In this context, and because it is unopposed, Mot. 2, the court concludes that it would not be in the interest of justice to deny plaintiff's Motion.

For the reasons stated herein, plaintiff's Motion is GRANTED. Plaintiff has up to and including August 27, 2007, to submit his response to defendant's motion for summary judgment on the administrative record, and up to and including September 7, 2007, to file a reply to defendant's response to plaintiff's cross motion.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge