IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAROLD E. SIX, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1727C |
| v. | ) | (Judge Emily Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Pursuant to Rule 52.1 of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its response to plaintiff's, Harold E. Six, motion for judgment upon the administrative record. For our counter-statement of facts, we rely upon the statement of facts filed with our July 7, 2007 motion for judgment upon the administrative record ("Def.'s Mot."). Plaintiff's complaint must fail because plaintiff has not demonstrated that the decision of the Board for Correction of Naval Records ("BCNR") not to correct Mr. Six's military records was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

As we established in our July 6, 2007 motion for judgment upon the administrative record, the decision of the BCNR, that Mr. Six failed to demonstrate that he was entitled to the correction of his military records to reflect a disability discharge, is supported by substantial evidence. Specifically, the BCNR's finding that Mr. Six's assertion that he had been issued a silencing order was not credible is supported by substantial evidence. Because Mr. Six fails to demonstrate through credible evidence that he was ordered not to discuss the Liberty attack, he necessarily fails to establish that the reason he did not report his alleged Post-Traumatic Stress Syndrome ("PTSD") symptoms to his health care providers was the existence of the alleged

silencing order. Similarly, as demonstrated in our motion, the finding of the BCNR that Mr. Six failed to establish that he suffered from PTSD while serving in the Navy, or that he was unfit to serve at the time of his discharge, is supported by substantial evidence.

Mr. Six Fails To Demonstrate That The Decision Of The BCNR That He Did Not Establish That He Was Entitled To The Correction Of His Military Records To Reflect A Disability Discharge Was Arbitrary, Capricious, Unsupported by Substantial Evidence, Or Contrary To Applicable Statutes and Regulations

I. The BCNR's Finding That Mr. Six Failed To Establish That He Had Been Issued A Silencing Order Is Supported By Substantial Evidence

As discussed in our opening brief, the BCNR found that Mr. Six's assertion that an unidentified Naval officer told Mr. Six that he was never to speak of the Liberty attack to anyone without first obtaining permission, and that failure to follow that order would result in court-martial, was not credible. Def.'s Mot. at 8-13. As demonstrated in our motion, the BCNR's adverse credibility determination, based as it was upon its review and consideration of the administrative record, including the materials submitted by Mr. Six, is supported by substantial evidence. This evidence provides strong support for the BCNR's determination for three reasons. First, it casts doubt upon Mr. Six's overall credibility. Second, it undercuts the truth of Mr. Six's assertion that his medical records do not reflect the symptoms of PTSD that he experienced before and after his discharge from the Navy because he was afraid to relate such symptoms to his health care providers. Third, if a survivor of the Liberty attack faced court martial for disobeying the silencing order, as alleged by Mr. Six, it is not reasonable he would violate the order by discussing allegedly prohibited matters with his health care providers and others as Mr. Six did.

In his motion, Mr. Six fails to establish that the BCNR's finding that he failed to demonstrate that he was issued a silencing order, the existence of which might explain the fact that none of his medical records generated before his discharge (and in the twenty years following) contain evidence that he suffered from the symptoms of PTSD, is not supported by substantial evidence.[1] See Pl.'s Mot. at 25-45.

## II. The BCNR's Findings That Mr. Six Failed To Demonstrate That He Suffered From PTSD While Serving In The Navy Or That He Was Unfit To Serve At The Time Of His Discharge Are Supported By Substantial Evidence

As discussed in our motion, the gravamen of Mr. Six's assertion that he was medically unfit to serve at the time of his 1973 discharge from the Navy is that while he experienced the symptoms of PTSD at the time of his discharge, and in the years following his discharge, he did not report such symptoms to his health care providers because of the silencing order. The linchpin of Mr. Six's complaint, therefore, is the existence of the silencing order. Because Mr. Six failed to demonstrate through credible evidence that he was ordered not to discuss the Liberty attack, he necessarily failed to establish that the reason he did not report his alleged PTSD symptoms to his health care providers was the alleged silencing order.

Mr. Six, in his motion, fails to establish that the BCNR's finding that Mr. Six failed to demonstrate that he suffered from PTSD while serving in the Navy, or that he was unfit to serve,

---

[1] Mr. Six also contends that the BCNR's consideration of documents without notice to him violated his "administrative due process rights" to a "full and fair hearing." Pl.'s Mot. at 24. Mr. Six, however, fails to identify how the BCNR's consideration of any particular document prejudiced him. See Pl.'s Mot. at 24. Moreover, while Mr. Six cites Service v. Dulles, 354 U.S. 363, Pl.'s Mot. at 24, he fails to reference the page upon which he apparently relies. In any event, Service v. Dulles (holding that regulations pertaining to termination of employment relating to loyalty and security of State Department employees were applicable, and when such regulations were violated discharge was invalid) does not stand for the proposition asserted by Mr. Six.

at the time of his discharge, is not supported by substantial evidence.[2] Mr. Six's discussion in this regard does not focus upon the contemporaneous medical evidence, but upon Mr. Six's bald and unsupported assertion that the Navy acted in bad faith in connection with dealing with Mr. Six's alleged medical and psychiatric issues, and medical reports generated long after Mr. Six's 1973 discharge from the Navy that relied entirely upon Mr. Six's description of the symptoms he allegedly suffered from both before and after his discharge. See Pl.'s Mot. at 27-39. Mr. Six relies for his contention that "the record establishes that [his] PTSD at 1973 discharge," Pl.'s Mot. at 27, upon the reports of Drs. Estrov and Kiepfer. Pl.'s Mot. at 27-36. As discussed in our motion, the BCNR discounted those reports largely because Drs. Estrov and Kiepfer relied entirely upon Mr. Six's description of his symptoms not only to arrive at the diagnosis of PTSD, but, most importantly, to offer an opinion as to the onset of the PTSD.

CONCLUSION

For the reasons stated above and in our July 6, 2007 motion for judgment upon the administrative record, we respectfully request that the Court grant our motion and deny Mr. Six's motion for judgment upon the administrative record.

---

[2] Mr. Six improperly refers to materials outside of the administrative record to support his contention. For example, in footnote 9, Mr. Six asserts that referrals to the Navy's medical authorities are "customary;" Pl.'s Mot. at 32, implies that an adverse inference should be drawn from the timing of the decision denying Mr. Six's motion to re-open (a matter wholly irrelevant in the present posture of this case which is a challenge to the board's March 2007 decision); and discusses evidence in the Lockwood case. Footnote 7, Pl.'s Mot. at 30. See also footnote 1, in which reference is made to the Pollard case, Pl.'s Mot. at 12; footnote 2, referencing Lockwood;'s Silver Star, Pl.'s Mot. at 13; footnote 3, referencing counsel's experience regarding Navy discipline, Pl.'s Mot. at 14; footnote 4, regarding counsel's efforts to obtain statements from Mr. Six's children, Pl.'s Mot. at 17; footnote 6, in which counsel opines that the Navy's alcohol and substance abuse rehabilitation program was controversial; Pl.'s Mot. at 29; footnote 11, in which counsel for Mr. Six relates his own experience dealing with transfers, Pl.'s Mot. at 37; and footnote 12, in which counsel opines about the Ennes book, Pl.'s Mot. at 41.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

August 22, 2007

Attorneys for Defendant