IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAROLD E. SIX, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1727C |
| | ) | (Judge Emily Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

Pursuant to Rule 7(b)(1) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully submits the following reply brief in support of its Second Motion for Judgment upon the Administrative Record.

As we demonstrated in our opening motion, the decision of the Board of Corrections of Naval Records (BCNR), finding that Mr. Six failed to demonstrate that he was entitled to the correction of his military records to reflect a disability discharge, was not arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. As discussed in our motion, the BCNR's findings that Mr. Six's failed to establish that he had been issued a silencing order and failed to demonstrate that he suffered from PTSD while serving in the Navy, or that he was unfit to serve at the time of his discharge, are supported by substantial evidence. Mr. Six, in his opposition to our motion, maintains that those findings are unsupported by substantial evidence.

In our motion, we discussed in detail the evidence that supports the BCNR's determination that Mr. Six failed to demonstrate through credible evidence the existence of a silencing order. In addition to the evidence cited in our motion supporting the BCNR's finding

regarding the existence of a silencing order, the order permitting interviews of Liberty evacuees if the evacuee consents, AR 204, and the media interview of Seaman Kenneth Ecker regarding the Liberty attack, AR 206-207, also support the BCNR's determination. Moreover, upon completion of the Court of Inquiry, members of the Liberty crew were authorized to give interviews and respond to press inquires. AR 209-210. This evidence, together with the evidence described in our motion, clearly establishes that the BCNR's determination that Mr. Six failed to establish the existence of a silencing order is supported by substantial evidence.

In his opposition, Mr. Six asserts that the existence of the silencing order is supported by the evidence provided by CAPT Kiepfer, LCDR Ennes, CTC Benkert, Mr. Lockwood, Mr. Tourney, Mr. Jones, MCPO White, CAPT Boston, and the Liberty's Plan of the Day for June 30, 1967. Pl.'s Opp. at 5-6. Mr. Six, however, ignores the fact that the BCNR, as discussed in our motion, Def.'s Mot. at 13-15 (citing AR 159-160), explicitly considered the evidence provided by CAPT Kiepfer, LCDR Ennes, and CAPT Boston. In addition, the BCNR specifically stated that it considered the "statements, declarations and affidavits" that Mr. Six submitted in support of his contention that he had been issued a silencing order and found that they were not probative. AR at 159-160.

Similarly, with respect to the BCNR's finding that Mr. Six failed to demonstrate that he suffered from PTSD while serving in the Navy, or was unfit to serve at the time of his discharge, as demonstrated in our motion, that finding is supported by substantial evidence in the administrative record. Mr. Six, his opposition to our motion, challenges this finding by asserting that the BCNR rejected the testimony of both Dr. Estrov and Dr. Kiepfer and ignored peer review reports in favor of a newspaper article. Pl.'s Opp. at 3-4. Mr. Six, however, ignores the fact that

while the BCNR did not accept Drs. Estrov's and Kiepfer's opinions, it was only after careful consideration of those opinions. The BCNR reasonably concluded that Dr. Estrov failed to demonstrate that Mr. Six suffered from PTSD at any time during the 1967-1973 period because that diagnosis was wholly dependent upon the symptoms reported to him by Mr. Six years after they allegedly occurred, with no support in Mr. Six's contemporaneously generated medical records, and in the context of Mr. Six making a claim. Def.'s Mot. at 16-19 (citing AR 151-164). Similarly, the BCNR reasonably concluded that Dr. Kiepfer did not offer a professional opinion based upon his observations that Mr. Six was suffering from military-related PTSD. Def.'s Opp. at 18-20 (citing AR 27-28).

Mr. Six also seems to argue argues that his self-destructive conduct prior to his military discharge was sufficient evidence upon which a diagnosis of PTSD could have, and should have, been made by the Navy. Pl.'s Opp. at 3-4. As discussed in our motion, Mr. Six's 1971 and 1973 medical examinations provide no support for his contention that he was, at those times, suffering from PTSD and, in fact, Mr. Six specifically denied having such symptoms. Def.'s Mot. at 2 (citing AR 6-8, 54). Despite Mr. Six's allegation that the Navy failed to diagnose and treat PTSD prior to his discharge, substantial evidence exists in the administrative record that demonstrates that the BCNR's conclusion regarding his claim for disability retirement benefits is supported by substantial evidence. The BCNR considered, and reasonable rejected, Mr. Six's contention that he suffered from untreated PTSD. The BCNR also specifically noted that, while Mr. Six claimed that his PTSD related death wish led to him to volunteer to serve two tours in Vietnam, Mr. Six's two temporary duty assignments in Vietnam were short, and he did not participate directly in combat operations or came under hostile enemy fire. AR at 160-161.

With respect to Mr. Six's claim that he never represented to the Court that he had raised the issue of the silencing order in his first application to the BCNR, Pl.'s Opp. at 4-5, the point the Government was attempting to make in its motion was that the issue of the alleged silencing order was not raised in Mr. Six's initial application to BCNR, Def.'s Mot. at 8 (citing AR 152), a factor that the BCNR reasonablely took into account in assessing whether a silencing order was in fact ever issued. The issue of the existence of a silencing order is now squarely before the Court, having been fully considered by the BCNR upon remand, and found to be not credible. Def.'s Mot. at 8-15 (citing AR 153).

Mr. Six further alleges that the BCNR improperly referenced another Liberty crew survivor's case in making its determination as to the existence of the alleged silencing order. Pl.'s Opp. at 7. It is not clear whether Mr. Six is referring to BCNR case 8610-98 / 9117-04, or case 7638-05. In any event, it was reasonable for the BCNR, in following the remand order to assess whether a silencing order had been issued, to refer to other cases to determine whether other Liberty survivors made similar allegations, and assess the credibility of those assertions. This is exactly want the BCNR did. See AR 156-157. Moreover, given the fact that Mr. Six's attorney represents the claimant in BCNR case 7638-05, Mr. Six is presumed to be knowledgeable about the facts of that case.

## CONCLUSION

For the foregoing reasons and the reasons contained in our motion, the United States respectfully requests that the Court grant our Motion for Judgment upon the Administrative

Record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tele: (202) 307-0252
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:
JOHN CLADY
Lieutenant
Judge Advocate General's Corps
United States Navy
Office of the Judge Advocate General
General Litigation (Code 14)
Washington, DC 20374

September 20, 2007