**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ************************* | |
| **Harold E. Six, Sr.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Docket No. 04-1727C** |
| **v.** ) | **(Judge Hewitt)** |
| ) | |
| **The United States,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ************************* | |

## PLAINTIFF'S MOTION FOR REHEARING AND RECONSIDERATION

1. As directed by the Court's Order, Plaintiff, through counsel, here resubmits the motion for rehearing and reconsideration of the Court's December 18, 2007 Opinion, and, its December 19, 2007 Order granting defendant's motion for summary judgment on the administrative record and denying plaintiff's motion for summary judgment on the administrative record.

2. Plaintiff respectfully submits that the Court extended undue deference to the Board and undue deference to the presumption of the regularity of actions of government officers in the performance of their assigned duties. In doing so, the Court perpetuates a gross injustice on plaintiff and his fellow survivors of the willful effort of Israeli forces to sink the USS Liberty and kill all of its crew. The Court's The Court's Opinion extends, indeed perpetuates the actions of the U.S. Navy and the U.S. Government to conceal the fact that the U.S. Navy stood silent while Israeli forces willfully and skillfully slaughtered crew members of the U.S. S. Liberty, and civilian employees of the National Security Agency assigned to the USS Liberty for this particular mission.

3. This is a horrible blight on the history of the U.S. Navy and the United States itself. As shameful as the failure to act in 1967 is, the subsequent actions of the Navy and the U.S. Government in preparing and promulgating an intentionally false report of the attack, so as to conceal from the U.S public and the world the fact that Israel's attack on the Liberty was carefully planned and skillfully executed with full knowledge by Israel that this was an essentially unarmed U.S Navy ship. The Court's Opinion, if not revised on rehearing perpetuates that error and injustice. There may well have been compelling international diplomatic and political considerations extent at that time that led government officials to adopt its policies of lies and deceit at the time of the attack. There is no justification for perpetuating those errors and breaches of duty today. This is particularly true in the context of this case. The effect of the Court's opinion is to impose new and additional injustices upon the unfortunate crew members assigned to the Liberty on that fateful day. Further, in defending the government's action, the Board and of the Court, extend that injustice to those coming to the aid and assistance of the survivors by impugning their integrity.

4. The Court's opinion arrived while counsel was in Washington on unrelated business. Counsel's records in this matter are at his home in Charlotte, North Carolina. With pre-existing multi-family post Christmas holiday plans, counsel is simply unable to respond in a professionally appropriate manner to the Court's Opinion. Accordingly, counsel has filed an unopposed motion for a 30 day extension of time, through January 20, 2008 for filing a memorandum of law in support of this motion.

5. 5. Based on all of the foregoing, plaintiff respectfully submits that on rehearing defendant's motion for judgment on the administrative record must be denied. There is no justification on this record for application of the ritualistic precedent adopted by the Board to reach its preconceived position, and endorsed by the Court's opinion. The Court should properly set the matter for hearing where the Court can exercise its judicial experience in evaluating the credibility of witnesses. The Board defiantly ignored this Court's instructions of remand. In its opinion, the Court has accepted this defiance. If not corrected on rehearing the Court will have unwittingly produced a horrific injustice that will adversely affect the rights of all future petitioners before military, indeed all personnel administrative boards. All the board needs to do to avoid judicial review is to deny the "credibility" of the witnesses supporting correction of the decision under review. Such does not seek "justice"; rather, it converts the board into the last line of defense of the agency.

Respectfully submitted,
/s/ William J. Kenney

William J. Kenney, Esq.
D.C. Bar No 99267

% HART/HTC
600 Pennsylvania Avenue, S.E.M, Suite 105
Washington, DC 20003
Tel: 202-547-5129
Fax: 202-547-8311

9915 Empire Woods Court
Charlotte, NC 28277
Tel/Fax: 704-341-4781

Attorney for the Plaintiff,
Harold E. Six, Sr.
Former CT-1, USN

**Certificate of Service**

I certify under penalty of perjury that on this 3rd day off January, 2008, I caused a copy of the foregoing revised Plaintiff's Motion For Rehearing to be served on defendant's counsel of record, Leslie Ohta, Trail Attorney, Civil Division, U.S. Department of Justice, via the court's electronic filing system.

/s/ William J. Kenney.