IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAROLD E. SIX, SR., Plaintiff, | ) | No. 04-1727C |
| v. | ) | (Judge Emily Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims (RCFC), the United States respectfully files this opposition to the motion of Harold E. Six for reconsideration of this Court's December 18, 2007 Opinion and Order granting summary judgment in favor of the United States and dismissing Mr. Six's complaint.

ARGUMENT

This Court should deny Mr. Six's motion for rehearing and reconsideration because it is fundamentally flawed, both legally and factually. Mr. Six has failed to even cite to RCFC 59 upon which his motion is apparently premised. Even more significantly, Mr. Six has failed to even allege any of the factual prerequisites that must exist before this Court may consider the merits of a motion for reconsideration. Mr. Six appears to be unaware, or at least fails to acknowledge, that motions for reconsideration pursuant to RCFC 59 will only succeed in a narrow set of circumstances. Specifically, a motion under Rule 59 must be based upon a manifest error of law or a mistake of fact. It is not intended to give an unhappy litigant an additional chance to sway the court. See e.g. Hill v. United States, 69 Fed. Cl. 467 (2006). Mr. Six has utterly failed to allege, let alone demonstrate, that either an intervening change in the

controlling law has occurred, or that evidence not previously available has become available, or that the motion is necessary to prevent manifest injustice.[1] Accordingly, Mr. Six's motion for reconsideration should be denied.

The gravamen of Mr. Six's motion is that the Court "misconstrued" the nature of the attack on the U.S.S. Liberty, and that the Court failed to address the "fact" that the board acted in violation of 10 U.S.C. § 1556, by "relying " on ex parte materials. Plaintiff's Motion for Rehearing and Reconsideration (Pl.'s Mot.) at 1. With respect to his claim that the board improperly relied upon materials that were not provided to him, there is no credible evidentiary support for the bald statement that Mr. Six told his attorney that he had not seen those documents prior to reviewing the administrative record compiled in this case. Pl.'s Mot. at 4. Moreover, the assertions regarding this issue set forth in Mr. Six's motion were known to Mr. Six and his attorney prior to this matter being fully briefed, argued, and decided. Finally, such documents are relevant, if at all, according to Mr. Six, to his psychiatric status at the time of his discharge. The linchpin of the Court's decision in this case, on the other hand, is the factual determination that Mr. Six was not issued a "silencing order," a determination that was dispositive of the outcome of this case because Mr. Six relied upon the alleged "silencing order" to explain why he had not disclosed the alleged symptoms of his "post-traumatic syndrome to his treating

[1] The only "new" fact referred to in Mr. Six's motion is the alleged December 26, 2007 Department of Veterans Affairs (VA) determination that Mr. Six is 70 percent disabled from post-traumatic stress disorder (PTSD). Pl.'s Mot. at 6-7. On July 21, 1999, however, the VA had awarded Mr. Six disability benefits for PTSD, with a ten percent disability rating. AR at 6-8; Def.'s Facts ¶ 6. The BCNR was thus aware of the VA's determination, but specifically noted that the fact that the VA granted Mr. Six service connection for PTSD was not probative because the Navy assigns disability ratings only in those cases where a service member has been found unfit for duty by reason of physical disability, while the VA rates all conditions it classifies as "service connected," without regard to the issue of fitness for military duty. AR at 7.

physicians. <u>See</u> December 18, 2007 Opinion.

In short, this Court found that the decision of the Board for Correction of Naval Records (BCNR) was not "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Opinion at 13. The specific factual determinations made by the BCNR and upheld by this Court were that Mr. Six's allegations concerning the alleged silencing order were not credible. Opinion at 13-20. Mr. Six's motion, a rehash of the arguments previously made, is wholly without merit.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Mr. Six's motion for reconsideration be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

February 4, 2008

Attorneys for Defendant